UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MICHELLE A. RITACCO,** *Plaintiff* | : : : |
| v. | : C.A. NO.: 2018 : |
| **CYNTHIA CAPOBIANCO, CPA, alias** **and MARCOVICH, MANSOUR &** **CAPOBIANCO, LLC, alias,** *Defendants* | : **Jury Trial Demanded** : : : : |

**COMPLAINT**

### I.   Introduction

1.   This is an action brought by Plaintiff Michelle A. Ritacco ("Plaintiff") against her former employers, Cynthia Capobianco, CPA, alias and Defendant Marcovich, Mansour & Capobianco, LLC, alias ("Defendant LLC") seeking compensatory, liquidated, and punitive damages, counsel fees, costs and other equitable relief arising out of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; and the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-12-1, *et seq.* and § 28-14-1, *et. seq.*

### II.   Parties

2.   Plaintiff is a resident of the City of Warwick, County of Kent, and State of Rhode Island.

3.   Defendant Cynthia Capobianco, CPA, alias ("Defendant Capobianco") conducted business as a sole proprietor, on information and belief, in the State of Rhode Island from on or about February 2013 until on or about May 25, 2016, with a principal place of business located at 60 Quaker Lane, Warwick, RI 02886.

4.   Defendant Marcovich, Mansour & Capobianco, LLC, alias ("Defendant LLC") is a Domestic Limited Liability Company duly organized under the laws of the State of Rhode

Island and doing business in the State of Rhode Island, with a principal place of business located at 640 George Washington Highway, Building C, Suite 200-201, Lincoln, RI 02865.

5. The term "Defendants" as used herein refers to both Defendant Capobianco and Defendant LLC collectively.

### III.   Jurisdiction

6. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law; specifically, the FLSA.

7. Supplemental jurisdiction over the state law claim set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case or controversy.

### IV.   Venue

8. Pursuant to the requirements set forth in 28 U.S.C. § 1391, venue is proper in this Court insofar as Defendant LLC is doing business in the State of Rhode Island and therefore is deemed to reside in the District of Rhode Island. Moreover, a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in the District of Rhode Island.

### V.   Defendants' Liability

#### A.   FLSA Liability Allegations

9. At all times relevant to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA as well as within the meaning of R.I. Gen. Laws §§ 28-12-2(5) and 28-14-1(2) of the RIPWA employed by the Defendants.

10. At all times relevant to this action, Defendants were "employer[s]" within the meaning of 29 U.S.C. § 203(d) of the FLSA as well as within the meaning of R.I. Gen. Laws §§ 28-12-2(7) and 28-14-1(3) of the RIPWA employing the Plaintiff.

11. At all times relevant to this action, and during each workweek, Plaintiff, in her capacity as an employee employed by Defendants, was engaged in commerce and/or employed in an enterprise engaged in commerce.

## VI. Material Facts

12. On or about February 2013, Defendant Capobianco conducted business in the State of Rhode Island by providing accounting, tax and bookkeeping services.

13. On or about February 18, 2013, Defendant Capobianco hired Plaintiff to work as a bookkeeper.

14. In Plaintiff's capacity as a bookkeeper for Defendant Capobianco, Plaintiff worked out of Defendant Capobianco's principal place of business.

15. As a bookkeeper for Defendant Capobiancio, Plaintiff was supervised by Cynthia Capobianco who was in charge of the office.

16. As a bookkeeper for Defendant Capobianco, Plaintiff's primary work duties involved work that was routine in nature.

17. Specifically, Plaintiff's work-related responsibilities included and/or involved the following: accounts payable, journal entry posting, expense allocation for multi-location client networks, credit and gift card reconciliations, bank reconciliations, financial statement preparation, payroll, and 1099 reporting.

*Merger Between Defendant Capobianco and Defendant LLC*

18. On or about May 26, 2016, Defendant LLC became established as a Domestic Limited Liability Company duly organized under the laws of the State of Rhode Island and doing business in the State of Rhode Island.

19. On or about May 26, 2016, Defendant Capobianco merged her business operations with that of the Defendant LLC ("Merger").

20. At all times relevant to this action, Defendant LLC was managed by its Managers.

21. Since Defendant LLC's inception, Cynthia Capobianco has been and continues to be a Manager of Defendant LLC.

22. In addition, at all times relevant to this action, Cynthia Capobianco has held herself out as a Partner of Defendant LLC.

23. Subsequent to the Merger, Defendant LLC became the surviving and continuing entity and/or in the alternative, Defendant LLC became Plaintiff's successor employer rendering it liable for employment law violations committed by its acquired entity, Defendant Capobianco.

24. Pursuant to the Merger, Defendant LLC continued Defendant Capobianco's business and operations.

25. Specifically, Defendant LLC provided and continues to provide accounting, tax and bookkeeping services.

26. Subsequent to the Merger, Plaintiff's work email address remained the same as it had been while Plaintiff was employed solely by Defendant Capobianco.

27. Subsequent to the Merger, Plaintiff's primary work duties described above remained the same as they had been while Plaintiff was employed solely by Defendant Capobianco.

28. Subsequent to the Merger, Plaintiff continued to be supervised by Cynthia Capobianco.

29. For instance, on or about July 31, 2017, Cynthia Capobianco issued Plaintiff a written warning purportedly relative to Plaintiff's work performance.

30. In response to said written warning, Plaintiff submitted a written rebuttal and addressed it to Cynthia Capobianco only.

31. On or about February 6, 2017, Plaintiff began working out of Defendant LLC's principal place of business.

32. On or about September 5, 2017, Plaintiff took a medical leave of absence and she so notified Defendant LLC.

33. On September 8, 2017, Defendant LLC, by and through Cynthia Capobianco, demanded a copy of Plaintiff's medical records through Plaintiff's doctor to determine Plaintiff's disability.

34. Thereafter, Plaintiff kept Defendant LLC apprised, through Cynthia Capobianco, of her medical condition in anticipation of returning to work.

35. On or about November 11, 2017, Plaintiff notified Defendant LLC, by and through Cynthia Capobianco, that she anticipated being released to return to work on or about November 20, 2017.

36. In response, Cynthia Capobianco told Plaintiff that she would have to get back to Plaintiff as to whether or not Plaintiff could return to work.

37. On or about November 17, 2017, Defendant LLC terminated Plaintiff's employment.

38. Specifically, on or about November 17, 2017, Plaintiff was notified by Defendant LLC, by and through Cynthia Capobianco, that there was no position available for Plaintiff to which she could return.

***Plaintiff Worked in Excess of Forty (40) Hours During Almost Every Workweek***

39. At all times relevant to this action, Defendants regularly compensated Plaintiff based upon an hourly rate.

40. Throughout Plaintiff's employment with Defendants, and as required by Defendants, Plaintiff completed weekly timesheets in which she recorded the amount of time that she had worked.

41. Throughout Plaintiff's employment with Defendants, Plaintiff submitted said timesheets to Defendants.

42. Throughout Plaintiff's employment with Defendants, Defendants compensated Plaintiff based upon the amount of time worked as indicated on Plaintiff's timesheets.

43. From on or about February 18, 2013 until on or about May 1, 2017, Plaintiff took two (2) ten (10)-minute breaks each workday—one in the morning and one in the afternoon.

44. From on or about February 18, 2013 until on or about May 1, 2017, notwithstanding the Merger, Cynthia Capobianco required Plaintiff to deduct from her timesheet the amount of time during which she was on break, which amounted to approximately twenty (20) minutes per workday.

45. Plaintiff complied with this requirement; and, as a result, from on or about February 18, 2013 until on or about May 1, 2017, Plaintiff was not paid for the amount of time during which she was on break each workday. *See* 29 C.F.R. § 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They *must* be counted as hours worked.") (emphasis added).

46. Had Cynthia Capobianco permitted Plaintiff to include on her weekly timesheets the amount of time she was on break each workday during said time period, then each of Plaintiff's timesheets during the above period would have indicated she worked an a*dditional 1.67 hours each week*.

47. Insofar as Plaintiff was scheduled to and customarily and regularly worked forty (40) hours each workweek exclusive of breaks less than 20 minutes of duration as alleged above, the additional 1.66 hours per week she worked were all overtime hours.

48. Furthermore, during the months of November and December throughout Plaintiff's employment with Defendants, and notwithstanding the Merger, Plaintiff regularly worked *on average two (2) hours* in excess of forty (40) each workweek, exclusive of uncompensated break time.

49. As compensation for the above hours Plaintiff worked in excess of forty (40) each workweek, exclusive of uncompensated break time, Defendants communicated to Plaintiff that she would be provided with paid-time off at some point in the future.

50. However, Defendants never provided Plaintiff with designated paid-time off for all such hours.

### *Failure to Compensate Plaintiff for All Hours Worked*

51. At all relevant times, Plaintiff was a non-exempt employee[1] entitled to payment of at least minimum wage for all hours worked under applicable law.[2]

52. The RIPWA prescribes that every employee shall be paid "*all due wages* from his or her employer." *See* R.I. Gen. Laws § 28-14-2.2(a) (emphasis added).

---

[1] It should be pointed out that any exemption from the payment of minimum wage or overtime are "narrowly construed against the employers seeking to assert their application," *Arnold v. Ben Kanowsky, Inc.* 361 U.S. 388,392 (1960), with the burden of proving the exemption placed "upon the employer." *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896, 900 (3rd Cir. 1991); *Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 206 (1966).

[2] Under the FLSA, every employer engaging in commerce must pay employees no less than a specified amount *per hour*. *See* 29 U.S.C. § 206 (emphasis added); *see also Norceide v. Cambridge Health Alliance*, 814 F.Supp.2d 17, 23-25 (D. Mass 2011)(The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26. In effect, the employer was getting free hours of work from the employees); *accord D'Arezzo v. Providence Ctr., Inc.*, 142 F. Supp. 3d 224, 228 (D.R.I. 2015) ("Plaintiffs could state a claim . . . when their employer requires them to put in additional work, not required by their contract, at a compensation rate below the minimum wage."). Under the RIPWA, every employer must pay employees no less than a specified amount *per hour*. *See* R.I. Gen. Laws § 28-12-3.

53. The RIPWA broadly defines the word "wages" as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, commission basis, or other method of calculating the amount." *See* R.I. Gen. Laws § 28-14-1(4).

54. Nevertheless, as alleged above, Defendants willfully and repeatedly violated the FLSA and the RIPWA by failing or refusing to compensate Plaintiff for all hours worked.

*Failure to Compensate Plaintiff for All Overtime Hours Worked*

55. Both the FLSA and the RIPWA require employers to pay their employees at a rate not less than one and one-half (1 ½) times their regular rate of pay ("Overtime pay") for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. § 207(a)(1); R.I.G.L. § 28-12-4.1.

56. At all times relevant to this action, Plaintiff was entitled to Overtime pay pursuant to the FLSA and the RIPWA as her primary work duties did not render her an exempt employee. *See* 29 C.F.R. 541.301(e)(5) ("[B]ookkeepers and other employees who normally perform a great deal of routine work generally will not qualify as exempt professionals.")

57. As alleged above, Plaintiff worked more than forty (40) hours per workweek in almost every workweek during her employment with Defendants.

58. Nevertheless, as alleged above, Defendants willfully and repeatedly violated the FLSA and the RIPWA by employing Plaintiff for more than forty (40) hours in a workweek without compensating her at a rate not less than one and one-half (1 ½) times her regular rate of pay.

*Work Suffered or Permitted*

59. Defendants are liable for the payment of wages for all hours worked and all overtime hours worked that Plaintiff was "suffered or permitted to work" in any one

workweek—regardless of whether the work was requested, authorized or needed—whenever Defendants knew or had constructive knowledge that the work was being performed.[3]

60. Defendants knew or had reason to believe that Plaintiff was performing work for which she was not being compensated and overtime work for which she was not being compensated at a rate not less than one and one-half (1 ½) times the regular rate at which she was employed.

61. Accordingly, Defendants had constructive, if not actual, knowledge that Plaintiff regularly performed work and overtime work for which she was not compensated.[4]

62. Nevertheless, Defendants failed or refused to pay Plaintiff the compensation to which she was legally entitled for all hours worked and all overtime hours worked.[5]

## VIII. Claims for Relief

63. Plaintiff incorporates the allegations in ¶¶1 through 62 above in each of the counts set forth below.

---

[3] As long as the employer knows or has reason to believe that its employee is continuing to work, that time is "work time," and the employee is entitled to the payment of wages from the employer for said time. *See* 29 C.F.R. § 785.11.

[4] An employer is said to have "constructive knowledge" of its employee's overtime work when it has reason to believe that its employee is working beyond his shift. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306 (11th Cir. 2007).

[5] Once an employer knows or has reason to know that an employee is working overtime, ***it cannot deny compensation even where the employee fails to claim overtime hours or the work was not requested.*** *Holzapfel v. Town of Newburgh*, *N.Y.*, 145 F.3d 516 (2d Cir. 1998); *Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693 (E.D. Tex. 2007).

**Count One**
*Fair Labor Standards Act,*
*U.S.C. § 201, et seq.*

64.     Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing to pay for all hours worked and overtime hours worked as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. § 216(b).

**Count Two**
*Rhode Island Payment of Wages Act,*
*R.I. Gen. Laws § 28-12-1, et seq., and*
*R.I. Gen. Laws § 28-14-1, et seq.*

65.     Defendants, by their acts and/or omissions, including, but not limited to, those described herein, violated the RIPWA by failing to pay for all hours worked and overtime hours worked as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2.

## IX.     Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the FLSA and the RIPWA.

2. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

3. An award of compensatory damages.

4. An award of punitive damages.

5. An award of liquidated damages pursuant to 29 U.S.C. § 216(b).

6. An award of liquidated damages in an amount up to two (2) times the amount of wages and and/or benefits owed pursuant to R.I. Gen. Laws § 28-14-19.2.

7. An award of reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

8. An award of reasonable attorney's fees and costs pursuant to R.I. Gen. Laws §§ 28-14-19.2.

9. An award of other appropriate equitable relief pursuant to 29 U.S.C. § 216(b).

10. An award of other appropriate equitable relief or penalties pursuant to R.I. Gen. Laws § 28-14-19.2.

11. An award of such other and further relief as this Honorable Court deems just and proper.

## X.     Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## XI.     Designation of Trial Counsel

Plaintiff hereby designates Richard A Sinapi, Esquire, as trial counsel.

Plaintiff
By her attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

Dated: February 2, 2018

/s/ **Richard A. Sinapi**, **Esq.**
**Richard A. Sinapi, Esq. (#2977)**
**Joshua D. Xavier (#9456)**
2374 Post Road Suite 201
Warwick, RI 02886
Phone: (401) 739-9690; FAX: (401) 739-9490
Email: ras@sinapilaw.com
Email: jdx@sinapilaw.com